IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA ANTHONY JONES, | : Civil No. 1:24-CV-990 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| DEP'T OF DEFENSE, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

The background of this order is as follows:

The *pro se* plaintiff, Joshua Jones, filed this action against the Department of Defense and other federal government agencies on June 17, 2024. (Doc. 1). In essence, the complaint alleges that Jones has been experimented on by these governmental agencies without his consent via the use of "nanotechnology." (*See id.*). As relief, he seeks 50 billion dollars, as well as other nonmonetary relief. (*Id.* at 8).

Jones was issued a summons for service on June 17, 2024, and the docket indicates that he served the defendant agencies on June 22, 2024, via certified mail as required by Federal Rule of Civil Procedure 4. (*See* Doc. 6); Fed. R. Civ. P. 4(i)(2). However, Rule 4(i)(2) also requires that the plaintiff serve the United States using the methods provided in Rule

4(i)(1):

>(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
>(1) *United States*. To serve the United States, a party must:
>
>(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
>>(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. (i)(1).

There is no indication that Jones has made proper service on the United States in accordance with Rule 4. Accordingly, we will order the plaintiff to effect proper service on the United States.

Jones has also filed a motion for "emergency intervention and emergency injunctions," which appears at least in part to seek information he requested pursuant to the Freedom of Information Act.

2

(Doc. 33). At the outset, we note that Rule 65 of the Federal Rules of Civil Procedure provides that injunctive relief may be issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Here, Jones has not served the United States, and none of the agency defendants have entered an appearance. Thus, none of the adverse parties have received notice of Jones' motion for injunctive relief.

More fundamentally, we find that Jones has not met the substantive requirements under Rule 65 to show he is entitled to any preliminary injunctive relief. "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). The Supreme Court has underscored that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation

and quotation marks omitted).

Here, given Jones' somewhat confused filings and the lack of clarity regarding the relief he seeks, (*see* Docs. 33-37), we cannot conclude at this time that Jones is entitled to a preliminary injunction. Accordingly, we will deny Jones' motion for injunctive relief at this time.

Accordingly, IT IS HEREBY ORDERED THAT Jones' motion for injunctive relief (Doc. 33) is DENIED without prejudice to him filing a properly supported motion at a later time. IT IS FURTHER ORDERED THAT Jones must effect proper service on the United States in accordance with Rule 4(i) **on or before October 18, 2024.**

So ordered this 26th day of September 2024.

*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
